ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

THE CITY OF GALENA.

1. RAILROAD COMPANY — *obstructing the streets of a town.* If a railroad company unnecessarily obstructs the streets of a town with its cars, contrary to an ordinance of the town, it will be liable for the penalty prescribed for so doing.

2. A railroad company cannot claim the right to obstruct the streets of any town, and if they do so they must abide the consequences. It would seem to be in the power of the company so to arrange the making up of trains, as not to obstruct any thoroughfare in any town, and it is their duty so to do.

3. TOWN ORDINANCE — *construed.* A town ordinance which provides that " no person shall put, or cause to be put in any street, sidewalk or other public place within the city limits, any dust, dirt, filth, shavings or other rubbish or obstructions of any kind," is broad enough to embrace the obstruction of a street by a railroad company with their cars.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action brought originally before a justice of the peace, in Jo Daviess county, by the city of Galena against the Illinois Central Railroad company, for the violation of an ordinance of the city, in obstructing with a freight car one of the streets of the city.

The cause was removed into the Circuit Court by appeal, where a trial was had, resulting in a verdict and judgment for the plaintiff. The defendant brings the case here by appeal.

Messrs. McCLELLAN & JACKSON, for the appellant.

Mr. LOUIS SHISSLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

One of the ordinances of the city of Galena is as follows: " § 13. No person shall put, or cause to be put, in any street, sidewalk or other public place within the city limits, any dust, dirt, filth, shavings or other rubbish, or obstructions of any kind; any person offending against the provisions of this section, shall forfeit and pay the sum of five dollars to the city for each offense; and also the further sum of five dollars for each and every day he or she shall neglect to remove the same after being directed so to do by the superintendant of ways and bridges, the marshal or city constables."

This ordinance is very broad and comprehensive, embracing "any kind of obstruction." In this case, the obstruction was a

car of the appellant's across the street by which a traveler was hindered and delayed from crossing the street fifteen minutes. The railroad hands were engaged in switching. They were freight cars, and some time must necessarily be employed in that operation. The fact of obstructing the street unnecessarily, was fairly left to the jury by the instructions of the court, and they have found, and we think properly, that it was not necessary in order to the due transaction of the business of the road, that the street should be obstructed for so long a time, if at all. It would seem to be in the power of the company so to arrange the making up of trains, as not to obstruct any thoroughfare in any town, and it is their duty so to do. No railroad company, or other organization, can claim the right to obstruct the streets of any town, and if they do, they must abide the consequences. It is inconceivable that a railroad cannot be properly operated without blocking up the streets of a town.

The jury having found the fact of obstruction, and that it was unnecessary, we cannot interfere, and must affirm the judgment.

*Judgment affirmed.*